**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JODI A. BOURG,<br><br>Plaintiff,<br><br>v.<br><br>AETNA INC., AETNA GLOBAL BENEFITS, AETNA INTERNATIONAL INC., and DOES 1-100,<br><br>Defendants. | 1:13-CV-00955-LJO-BAM<br><br>**ORDER ON MOTION FOR SUMMARY JUDGMENT**<br>(Doc. 8) |

## INTRODUCTION

Plaintiff Jodi A. Bourg ("Bourg") brought an action for wrongful termination and breach of contract against Defendants Aetna Inc., Aetna Global Benefits, Aetna International, and Does 1 through 100 ("Defendants"). Currently before the court is Defendants' motion for summary judgment. Having considered the parties' arguments and the entire record, the Court GRANTS Defendants' motion for summary judgment.

## BACKGROUND

Bourg was employed by Defendants from approximately September 8, 1981 to her termination in 2011. At the time she was terminated, Bourg's title was AGB Account Manager for the Pacific/Northwest region.

During her employment with Defendants, Bourg alleges that she had a medical condition that entitled her to protected status under Cal. Gov. Code § 12940, *et seq*. Bourg also alleges that Defendants knew of her medical condition.

Bourg was born on June 29, 1953, and was over age of 40 at the time of her termination.

Bourg took medical leaves of absence from her employment with the Defendants from October 2008 to December 2008, from December 2009 to February 2010, and from September 2010 through November 2010. After Bourg returned from her leave of absence in November 2010, her manager informed her that her position as AGB Account Manager was being eliminated. Her manager stated that all of the approximately fifteen account managers were ranked, and that Bourg was ranked the lowest, but he denied having knowledge of the ranking criteria.

On February 2, 2011, Bourg received a written memorandum from Defendants stating that she "will no longer have a position with" Defendants, that her "last day of service will be February 6, 2011," and that "[t]his action is intended to be permanent." (Doc. 8 Exh. B). The memorandum also stated that Bourg's salary will be continued for nine weeks following her last day of service, and that she will be eligible for regular employee benefits during that period. The memorandum further stated that, if Bourg had not obtained another position with Defendants by the end of the salary continuation period, Bourg will be eligible to receive severance pay. The memorandum listed her "salary continuation start date" as February 7, 2011, her "salary continuation end date" as April 10, 2011, and her "employment termination date (if waiver not received)" as April 11, 2011.

Defendants allege that Bourg no longer reported for work following her last day of service on February 6, 2011.

On March 15, 2011, Bourg filed a charge of discrimination under the Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §12900, *et seq.*, with the Department of Fair Employment and Housing ("DFEH"). In her FEHA charge, Bourg stated that, on or around February 4, 2011, she was laid off, denied employment, and denied accommodation by Defendants because of age, disability, and medical condition. Bourg received a right to sue notice from the DFEH on March 15, 2011.

Bourg brought this action for wrongful termination and breach of contract against Defendants in Fresno County Superior Court on February 22, 2013. Defendants removed the action to this Court on June 21, 2013 on the basis of diversity jurisdiction. On June 28, 2013, Defendants filed the instant motion for summary judgment. Defendants argue that each of Bourg's claims is time-barred. Defendants also move this Court to compel arbitration of Bourg's claims if the Court denies

Defendants' motion for summary judgment. Bourg filed an opposition on July 19, 2013, and Defendants filed a reply on August 1, 2013.

**DISCUSSION**

**Motion for Summary judgment**

**A. Fed. R. Civ. P 56**

**1. Legal Standard**

Fed. R. Civ. P. 56(b) permits a "party against whom relief is sought" to seek "summary judgment on all or part of the claim." "A district court may dispose of a particular claim or defense by summary judgment when one of the parties is entitled to judgment as a matter of law on that claim or defense." *Beal Bank, SSB v. Pittorino*, 177 F.3d 65, 68 (1st Cir. 1999).

Summary judgment is appropriate when there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Assn.*, 809 F.2d 626, 630 (9th Cir. 1987). The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec.*, 475 U.S. at 586, n. 11; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

The evidence of the party opposing summary judgment is to be believed and all reasonable inferences that may be drawn from the facts before the court must be drawn in favor of the opposing party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Matsushita*, 475 U.S. at 587. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–252.

To carry its burden of production on summary judgment, a moving party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Companies*, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000); *see, High Tech Gays v. Defense Indus. Sec. Clearance Office*, 895 F.2d 563, 574

(9th Cir. 1990). "[T]o carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact." *Nissan Fire*, 210 F.3d at 1102; *see, High Tech Gays*, 895 F.2d at 574. "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire*, 210 F.3d at 1102–1103. "If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Nissan Fire*, 210 F.3d at 1103; *see High Tech Gays*, 895 F.2d at 574. "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Id.* at 1103; *see, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make the showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.")

"But if the nonmoving party produces enough evidence to create a genuine issue of material fact, the nonmoving party defeats the motion." *Id*. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp*., 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co*., 391 U.S. 253, 288–289 (1968)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

"In cases that involve ... multiple causes of action, summary judgment may be proper as to some causes of action but not as to others, or as to some issues but not as to others, or as to some parties, but not as to others." *Barker v. Norman*, 651 F.2d 1107, 1123 (5th Cir.1981); *see also Robi v. Five Platters*, Inc., 918 F.2d 1439 (9th Cir.1990); *Cheng v. Commissioner Internal Revenue Service*, 878 F.2d 306, 309 (9th Cir.1989). A court "may grant summary judgment as to specific issues if it will narrow the issues for trial." *First Nat'l Ins. Co. v. F.D.I.C.*, 977 F.Supp. 1051, 1055 (S.D. Cal.1977).

**2. Analysis**

Defendants seek summary judgment of Bourg's claims on the basis that they are time-barred. The parties agree that Bourg's common law wrongful discharge claims and breach of contract claim are each subject to a two-year statute of limitations period. The Court agrees. Cal. Code Civ. P. §§ 335.1, 339. *See also, Mathieu v. Norrell Corp.*, 115 Cal. App. 4th 1174, 1189 n. 14 (Cal. Ct. App. 2004) ("Effective January 1, 2003, the statute of limitations was changed to two years.").

The parties only contest when the limitations period for Bourg's claims began to run. Defendants contend that Bourg's claims accrued on February 6, 2011, Bourg's final day of service with Defendants. Bourg argues that her claims accrued on April 11, 2011, when her salary continuation period ended. Because Bourg filed her complaint on February 22, 2013, Bourg's claims must have accrued on or after February 22, 2011 for her complaint to be timely.

**i. Wrongful Termination in Violation of Public Policy**

Bourg alleges that Defendants terminated her due to her medical condition and her age in violation of public policy.

California law recognizes a tort cause of action for wrongful termination in violation of public policy. *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167, 172 (1980) ("[A]n employer's traditional authority to discharge an at-will employee may be limited by statute ... or by considerations of public policy."). There can be no right to terminate for an unlawful reason or purpose that contravenes fundamental public policy. *Silo v. CHW Med. Found.*, 27 Cal. 4th 1097, 1104 (2002). "It is settled that an employer's discharge of an employee in violation of a fundamental public policy embodied in a constitutional or statutory provision gives rise to a tort action." *Barton v. New United Motor Manufacturing, Inc.*, 43 Cal. App. 4th 1200, 1205 (Cal. Ct. App. 1996); *Cabesuela v. Browning-Ferris Industries of Cal., Inc.*, 68 Cal. App. 4th 101, 107 (Cal. Ct. App. 1998).

**a. California Law Governs Accrual**

"For state law claims in federal court, state statutes of limitations," including rules on accrual, "are 'substantive' for *Erie* purposes." *Boon Rawd Trading Int'l Co., Ltd. v. Paleewong Trading Co., Inc.*, 688 F. Supp. 2d 940, 948 (N.D. Cal. 2010) (citing *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 110 (1945)). The California Supreme Court has "held that in wrongful

termination cases, whether the plaintiff alleges contract or tort causes of action, or violations of California's Fair Employment and Housing Act, the statute of limitations begins to run on the date the employment is actually terminated, not the date on which an employee is unequivocally informed his employment will be terminated." *Colores v. Bd. of Trustees*, 105 Cal. App. 4th 1293, 1320 (Cal. Ct. App. 2003) (citing *Romano v. Rockwell Internat. Inc.*, 14 Cal. 4th 479, 483-84 (1996)). Therefore, attention turns to when Bourg was actually terminated and the statute of limitations began to run.

In California, "a cause of action accrues and the statute of limitation begins to run when a suit may be maintained." *Howard Jarvis Taxpayers Ass'n v. City of La Habra*, 25 Cal. 4th 809, 815 (2001). "In other words, '[a] cause of action accrues upon the occurrence of the last element essential to the cause of action.'" *Id*. (quoting *County of San Diego v. Myers,* 147 Cal. App. 3d 417, 421 (Cal. Ct. App. 1983)).

**b. Continuation of Payments from Defendants for a Period of Time Does Not Delay Accrual**

Generally, the essential elements of a tort claim for wrongful termination in violation of public policy are: (1) an employer-employee relationship; (2) termination or other adverse employment action; (3) the termination or adverse action violated of public policy; and (4) the termination or adverse action caused the plaintiff to suffer harm. *See, Holmes v. General Dynamics Corp*., 17 Cal. App. 4th 1418, 1426 n. 8 (1993); *Haney v. Aramark Unif. Servs., Inc*., 121 Cal. App. 4th 623, 641 (Cal. Ct. App. 2004). "Violations of FEHA and policies against race, sex, age and disability discrimination support *Tameny* claims." *Walker v. Brand Energy Servs., LLC*, 726 F. Supp. 2d 1091, 1106 (E.D. Cal. 2010) ( citing *City of Moorpark v. Superior Court*, 18 Cal. 4th 1143, 1160-1161, (1998); *Stevenson v. Superior Court*, 16 Cal. 4th 880, 896 (1997)).

According to the facts before the Court, each element of Bourg's wrongful termination claim, even if she had a meritorious one, had occurred by the end of Bourg's last day of service with Defendants. Bourg was employed by Defendants, and Defendants terminated Bourg, allegedly due to her age and disability, which would violate public policy. By the end of her last day of service with Defendants, Bourg no longer had a position with Defendants, even though her salary and benefits were continued for a period of time. The loss of her position, including the entirety of her responsibilities, is

a material harm suffered by Bourg as a result of her allegedly wrongful termination. *See*, *Thomas v. Department of Corrections*, 77 Cal. App. 4th 507, 510-511 (Cal. Ct. App. 2000) ('"A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation."') (internal citations omitted).

Moreover, continued payments and benefits for a period of time from Defendants to Bourg do not undo the effectiveness of her termination when she has lost her position. Indeed, other courts in this circuit have rejected the argument "that severance compensation somehow constitutes employment[.]" *Bursese v. Paypal, Inc*., 2007 WL 485984 (N.D. Cal. Feb. 12, 2007). *See also*, *Johnston v. Aerojet Gen. Corp*., 1978 WL 179 (E.D. Cal. Nov. 13, 1978) ( In the context of wrongful discharge in violation of the Age Discrimination in Employment Act, the termination "occurs on the date that the aggrieved person last performs services for his employer, provided that he fully understands as of that date that he is being terminated.").

Further, California courts view a cause of action as having accrued when "the party owning [the liability] is entitled to begin and prosecute an action thereon." *Howard Jarvis Taxpayers Ass'n*, 25 Cal. 4th at 815 (quoting *Myers*, 147 Cal.App.3d at 421). Bourg in fact did begin legal action against Defendants following her last day of service, while she was still receiving payments from Defendants, by filing a charge of discrimination with the DFEH and receiving a right to sue notice.

**c. Common Law Wrongful Termination Claims Do Not Require Administrative Exhaustion**

Defendants separately argue that Bourg's wrongful termination claims are barred because she has not exhausted her administrative remedies. Defendants are mistaken.

California courts have held "that a common law cause of action for discharge in violation of public policy is, in effect, an independent alternative to a FEHA administrative claim and subsequent cause of action under the act." *Heath v. AT & T Corp*., 2005 WL 2206498 (N.D. Cal. Sept. 12, 2005) (citing *Mathieu*, 115 Cal.App.4th at 1189). "[A]lthough an employee must exhaust the administrative remedy made available by the FEHA before bringing a cause of action under the FEHA, exhaustion is

not required before filing a civil action for damages alleging nonstatutory tort of wrongful discharge in violation of public policy." *Rojo v. Kliger*, 52 Cal. 3d 65, 86 (1990). *Cf*, *Kang v. U Lim American, Inc.*, 296 F.3d 810, 819 (9th Cir. 2002). Rather, as discussed above, Bourg's claims are subject to summary judgment because they are time-barred under the applicable statute of limiations.

Because there is no genuine issue of material fact as to the timeliness of Bourg's common law wrongful termination in violation of public policy claims, the Court GRANTS Defendants' motion for summary judgment as to Bourg's first and second causes of action.

**ii. Breach of Implied or Oral Contract**

In her third cause of action, Bourg alleges that Defendants breached their employment agreement by terminating her without good cause. Specifically, Bourg claims that Defendants, by words or conduct, promised to terminate her only for good cause.

The parties agree that the statute of limitations period applicable to oral or implied agreements is two years. Cal. Code Civ. P. § 339. Again, the disputed issue is when the limitations period began to run.

Defendants allegedly breached the agreement by terminating Bourg. The California Supreme Court has held that, "whether [a] breach is anticipatory or not, when there are ongoing contractual obligations the plaintiff may elect to rely on the contract despite a breach, and the statute of limitations does not begin to run until the plaintiff has elected to treat the breach as terminating the contract." *Romano*, 14 Cal. 4th at 490. Here, Bourg did not elect to rely on the contract following Defendants' alleged breach. Rather, Bourg treated Defendant's act of relieving her of her duties and terminating her position as of her last day of service on February 6, 2011 as terminating the employment contract. Bourg ceased reporting to work after February 6, 2011. *Compare*, *Id.* ("Romano continued to perform and accept compensation until the time of actual termination, reflecting an election to treat the contract as still in effect"). Further, Bourg did not "leav[e] to the defendant[s] an opportunity to retract [their] wrongful repudiation." *Id.* at 489. Instead, following her last day of service, Bourg took legal action against Defendants by filing a charge of discrimination with DFEH.

Bourg's actions following the loss of her position showed that she interpreted the loss of her

position as terminating her employment agreement with Defendants. Therefore, if Defendants breached an oral or implied agreement by terminating Bourg not for good cause, the statute of limitations began to run at the loss of Bourg's position on February 6, 2010.

Because there is no genuine issue of material fact as to the timeliness of Bourg's claim for breach of implied or oral contract, the Court GRANTS Defendants' motion for summary judgment as to Bourg's third causes of action.

**CONCLUSION AND ORDER**

For the reasons discussed above, the Court:

1. GRANTS Defendants Aetna Inc., Aetna Global Benefits, and Aetna International's motion for summary judgment of each cause of action in Plaintiff Jodi A. Bourg's complaint;
2. DENIES as moot Defendants' motion to compel arbitration of Bourg's claims; and
3. ORDERS the Clerk of Court to enter judgment in favor of Defendants Aetna Inc., Aetna Global Benefits, and Aetna International and against Plaintiff Jodi A. Bourg and to close this action.

IT IS SO ORDERED.

Dated: **August 12, 2013**

**/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE